**UNION COUNTY SAVINGS & LOAN CO v KING et**

Ohio Appeals, 2nd Dist, Franklin Co

No 2421.   Decided Dec 31, 1934

Corkwell & Wright, Columbus, for plaintiff.

Frank A. Dye, Columbus, for Ilda Mae Burroughs.

William K. Williams, Columbus, for The Ohio State Savings Assn.

## OPINION

By BARNES, J.

We think the law is well defined, in Ohio that the right of reviver will depend in the first instance on the expressed intent of the parties; but in the absence of the expressed intent and where the lienholder acts in ignorance of the intervening lien, it will be presumed that he did not intend to release his prior lien and equity will reinstate his priority. This is the direct announcement in the case of **Turner Bau-Verein No. 3 v Dahlheimer et, 2 Nisi Prius, 248.** While this is the decision of the Court of Common Pleas and in some jurisdictions will not be accepted as a precedent, the members of our court, individually and collectively, find no sound reason why a well considered case from a Nisi Prius Court is not entitled to consideration.

The same principle is announced in the case of **Canton Morris Plan Bank v Most et, 44 Oh Ap, 180, (14 Abs '65),** and the fourth syllabus reads as follows:

"4. Generally, where new mortgage is taken contemporaneously with cancellation of old mortgage, mortgagee, especially if having no knowledge of intervening liens, is not subordinated thereto."

In the case of **Riegel v Belt, 119 Oh St, 369,** syllabus 2 reads as follows:

"2. The renewal of such prior mortgage after the execution and delivery of the junior mortgage will not affect its priority."

The general rule in other jurisdictions, as announced from reported cases, is in line with the above pronouncement. We find the same principle set out by text writers.

A case practically on all fours with the instant case will be found in Volume 33, American Law Reports, Annotated, page 147. The case reported is Sullivan v Wil-liams, 210 Alabama, 363, (98 Southern, 186). The first paragraph on page 147 of A.L.R. reads as follows:

"The release of a mortgage*to permit sale of part of the land covered by it, and the making of a new mortgage for the same debt as part of the same transaction, does not make the mortgage inferior to the second mortgage which had been placed on the property after the execution of the original one."

Following the full report of this case, commencing at page 149 and continuing to page 165, inclusive, will be found annotations of decisions of courts in other jurisdictions throughout the United States, covering the question of reinstatement. The author in assembling these cases has listed them under various headings covering varying facts. We quote from subheading 1, the second paragraph, page 149:

"It is a general rule that the cancellation of a mortgage on the record is not conclusive as to its discharge, or as to the payment of the indebtedness secured thereby. And where the holder of the senior mortgage discharges it of record, and contemporaneously therewith takes a new mortgage, he will not, in the absence of paramount equities, be held to have subordinated his security to the intervening lien unless the circumstances of the transaction indicate this to have been his intention, or such intention upon his part is shown by extrinsic evidence."

Following this subheading will be found the decisions in twenty-one different states, including the case of **2 Ohio Nisi Prius, 248,** supra.

Under subheading 3, page 157, appears the following:

"Where an existing lien has been discharged by the holder and a renewal then taken in ignorance of intervening lien against the property, the mortgagee will be regarded as acting under such a mistake of fact as to entitle him to relief by restoration of his priority, if the rights of innocent parties are not involved."

Also under subheading 6, page 162:

"A subsequent mortgagee who becomes such anterior to the discharge of the prior mortgage can not, with any show of reason or justice claim to be injured by the setting aside of the release thereof and the

restoring of the lien of the prior mortgage. He is in no way prejudiced, but is left to enjoy exactly what he expected to get when he accepted the second mortgage."

We also quote from Ruling Case Law, Volume 19, page 452, §236:

"It is well settled that the acceptance by a mortgagee of a new mortgage and his cancellation of the old one does not deprive him of his right to have the lien of the discharged mortgage continued against an intervening lien, where the act of cancellation was done in ignorance of the fact that the intervening lien existed, unless there is some special disqualifying fact; and this, although the intervening lien was on record at the time. If the mortgagee takes a new mortgage in the place of the old one, not as payment, but in continuation of the old indebtedness, and cancels the old mortgage without knowledge of an intervening lien, although the lien is of record, equity will, in the absence of the intervening rights of third parties, and on the ground of mistake, restore and enforce the lien of the old mortgage where he, relying upon a false abstract of title, was guilty of no negligence in not discovering the lien."

Also see Jones on Mortgages, §927-2, at page 509, last paragraph:

"If a new note and mortgage secures an additional amount, this fact shows a motion for the transaction, but it has no tendency to show that the prior security was extinguished."

Applying the above principles to the instant case, we find that no part of the $17,000.00 mortgage held by the defendant, The Ohio Savings Association, of Columbus, Ohio, was paid on the date of the trade of equties by Mrs. King and Mrs. Burroughs, and the giving of the new mortgage for $15,200.00 by Mrs. King.

The sole purpose of the consent to the reduction of the original mortgage to $12,000.00 as against the one property taken over by Mrs. Burroughs and the release of the balance due on the $17,000.00 mortgage and the taking of the new mortgage for $15,200.00 on the same tract as covered by the original mortgage and other property procured by Mrs. King from Mrs. Burroughs was in the interest of the consummation of the trade desired to be made by Mrs. Burroughs and Mrs. King. None of the parties participating in this deal had any knowledge of the existence of the foreign execution lien of the plaintiff, nor was there lack of knowledge through any want of due care. The plaintiff's foreign execution lien was secondary to the original $17,000.00 mortgage of The Ohio State Savings Association. It had, however, attached before the date of the trade of equities and the giving of the new mortgage. Under this state of facts the equities are with the Loan Association and as between it and the plaintiff it is entitled to reinstatement in the sum of $5286.91, plus interest and possibly taxes and insurance or other charges if actually paid out and authorized under the terms of the original mortgage lien. Of course, all proper credits by the way of cash or rent collected must be allowed. No reinstatement can be allowed so far as it affects the property taken over by Mrs. Burroughs. Of course, under the state of the record The Ohio State Savings Association has a prior lien against this property to that of the plaintiff. Mrs. Burroughs' rights, as an innocent purchaser, are limited to the property acquired by her. When The Ohio State Savings Association agreed to reduce its lien to $12,000.00 as against Tract No. 2 and Mrs. Burroughs took over the property on the faith of that agreement, her rights as an innocent purchaser are paramount.

Of course, the foreign execution lien still holds.

Mrs. Burroughs had no interest in Tract No. 3 and her equities can not extend to control priorities as may affect said tract. If the foreign execution is enforced against her property, she must be relegated to the remedy under her warranty deed from Mrs. King.

Entry may be presented in conformity with this opinion. Costs will be adjudged against plaintiff. Exceptions will be allowed as desired.

HORNBECK, PJ, and KUNKLE, J, concur.

## ON APPLICATION FOR REHEARING

Decided Jan 16, 1935

By THE COURT

The above entitled cause is now being determined on motion for new trial and application for rehearing filed by plaintiff, and also defendant Ilda Mae Burroughs.

Since all questions raised in the motions were fully discussed in our original opinion and due to the further fact that no brief

accompanies the motions we take it that both are filed in the interest of properly saving exceptions.

The motions and applications will be overruled and exceptions will be allowed. Entry may be drawn accordingly.

HORNBECK, PJ, KUNKLE and BARNES, JJ, concur.